UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SYLVESTER JOHNSON                                     CIVIL ACTION

VERSUS                                                NO. 16-7272

ADM MILLING CO., ET AL.                               SECTION A(4)

## ORDER AND REASONS

The following motions are before the Court:

**Motion for Summary Judgment (Rec. Doc. 18)** filed by defendants ADM Milling Co. and ADM Grain River Systems, Inc. (collectively "ADM"). Plaintiff Sylvester Johnson opposes the motion.

**Motion for Leave to File a Reply (Rec. Doc. 20)** filed by ADM.

**Motion for Leave to File a Supplemental Opposition (Rec. Doc. 21)** filed by Plaintiff.

The motion for summary judgment, submitted to the Court on December 14, 2016, is before the Court on the briefs without oral argument.

Plaintiff Sylvester Johnson contends that he received serious and disabling injuries to the face and head while working at ADM's facilities. Johnson attributes the accident to defective equipment both owned and maintained by ADM. This matter will be tried to the bench on February 6, 2017.[1] (Rec. Doc. 8).

ADM was not Johnson's employer. Johnson was employed by a staffing service under a contract with ADM. ADM nonetheless moved for summary judgment solely on the issue of

---

[1] The Court has granted the unopposed motions to extend the expert report and discovery deadlines but the Court has never suggested that the dispositive motion deadline or the trial date would be affected.

whether Johnson was a borrowed employee under the factors applicable in this circuit. ADM sought complete immunity under the Worker's Compensation Act for any liability for Johnson's injuries. When ADM moved to file its reply memorandum, however, it broadened its argument to encompass statutory employer immunity, a move that Johnson found to be fundamentally unfair.[2] (Rec. Docs. 20 & 21).

ADM characterizes the question presented by its motion to be unequivocal and straight forward, presenting a classic, textbook borrowed employee scenario. ADM may or may not be entitled to some type of immunity but the Court will not make that determination on the record.[3] This case is being tried to the bench and the Court will make the immunity determination in conjunction with its findings of fact and conclusions of law following trial.

Accordingly, and for the foregoing reasons;

---

[2] In addition to fundamental fairness being of utmost importance, this Court typically does not consider legal arguments raised for the first time in a reply memorandum because they lead to an endless parade of sur-replies and supplements, which is exactly what began to happen in this case.

[3] The Court notes that issues as clear cut as ADM characterizes the issues in this case rarely take the amount of briefing and exhibits that the parties have presented in conjunction with ADM's motion. Simply, given how little time it will take to try this straight forward nonjury case, the Court prefers to decide the important legal issues as part of the merits following trial.

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 18)** filed by defendants ADM Milling Co. and ADM Grain River Systems, Inc. is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion for Leave to File a Reply (Rec. Doc. 20)** filed by ADM and **Motion for Leave to File a Supplemental Opposition (Rec. Doc. 21)** filed by Plaintiff are **GRANTED**.

December 22, 2016

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE